**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL GONZALEZ; et al., | No.   21-15485 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-07423-JSC |
| and | |
| DANIEL TORRES; et al., | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| GREGORY J. AHERN; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted March 16, 2022
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,** District Judge.

Plaintiffs are former and current pretrial detainees and incarcerated individuals at Santa Rita Jail in Alameda County, California. They appeal the district court's order denying their motion for a preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm the district court's ruling. Because the parties are familiar with the facts, we do not recite them here.

We review a district court's decision to grant or deny a preliminary injunction, and its decision not to hold an evidentiary hearing, for abuse of discretion. *See Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam); *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 554–55 (9th Cir. 1986). "Our review is limited and deferential." *Sw. Voter Registration Educ. Project*, 344 F.3d at 918.

Plaintiffs' complaint involves numerous allegations concerning the health and safety of pretrial detainees and incarcerated individuals at Santa Rita Jail. Their preliminary injunction motion focused on allegations that: (1) the jail's kitchen is contaminated with birds, rodents, and insects because the door separating the kitchen from the outdoors consists only of plastic sheets; (2)

---

** The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

defendants serve food on soiled and inadequately cleaned plastic trays; and (3) defendants serve food that is contaminated and inedible. The district court appropriately assessed the likelihood of plaintiffs' success on the merits, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), according to the deliberate indifference standard for a Fourteenth Amendment due process claim, *see Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

The district court did not abuse its discretion by deciding that plaintiffs failed to demonstrate a likelihood of success on their claim that defendants demonstrated deliberate indifference with respect to the kitchen door. Plaintiffs did not meet their burden of demonstrating a constitutional violation in light of defendants' evidence that they have taken "reasonable available measures" to abate the risk of rodents, birds, and vermin in the kitchen. *Gordon*, 888 F.3d at 1125.

As for plaintiffs' claims regarding the plastic food trays and food contamination, the district court did not abuse its discretion in determining that plaintiffs failed to carry their burden of persuasion because "resolution of the issues raised by the [plaintiffs'] motion will require resolution of disputes of fact" and those "disputes cannot be adequately resolved without the benefit of discovery and testing of each party's evidence." In particular, the parties submitted conflicting affidavits as to the efficacy of, and compliance with, defendants'

3

policies for tray cleanliness and food contamination.  Plaintiffs ask us to remand for an evidentiary hearing, but they waited to request an evidentiary hearing until *after* the hearing on their preliminary injunction motion, despite bearing the burden of persuasion, *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).  Given this procedural history, we cannot conclude that the district court abused its discretion by denying plaintiffs' request for a preliminary injunction without an evidentiary hearing.

After the hearing on plaintiffs' motion, the district court indicated that the parties could begin written discovery on plaintiffs' food-related claims.  It is concerning that at oral argument before our court, the parties expressed starkly different views regarding their progress on foundational aspects of the necessary discovery for this case, including production of the relevant cleaning protocols.  As noted, serious health and safety allegations are at issue.  We leave it to the parties to pursue the necessary discovery and/or related motions practice in the district court.

**AFFIRMED.**